2006R00951/am

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA     :    Hon.

       v.             :    Criminal No. 07-625(SRC)

BLUE RIDGE ERECTORS, INC.,   :    Title 29, United States Code,
FRANCIS IMPECIATI,            Section 186, Title 18, United
 a/k/a "FRANK IMPECIATI," and   States Code, Sections 371 and
CRAIG WASK                 2

## I N D I C T M E N T

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges as follows:

### COUNT ONE
### (Conspiracy to Make and Accept Unlawful Labor Payments)

At all times relevant to this Indictment unless otherwise stated:

### Introduction

1.    Local 825 of the International Union of Operating Engineers (hereinafter Local 825), headquartered in Springfield, New Jersey, was a "labor organization" within the meaning of the provisions of Title 29, United States Code, Sections 152(5), 402(i) and 402(j).  It represented, sought to represent, and would have admitted to membership the employees of companies who worked as heavy equipment operators, such as crane, backhoe, and forklift operators.  Local 825 members performed work at various construction sites in New Jersey and New York, and hence were employed in an industry affecting commerce.

2.    Defendant BLUE RIDGE ERECTORS, INC. (hereinafter "BLUE RIDGE") was a construction company incorporated in

Pennsylvania with its principal place of business in Bangor, Pennsylvania. Defendant BLUE RIDGE was an "employer" within the meaning of Title 29, United States Code, Sections 142 and 152(2), and the employees of defendant BLUE RIDGE were employed in an industry affecting commerce. Defendant BLUE RIDGE was subject to a collective bargaining agreement (hereinafter "CBA") with Local 825.

3. Defendant FRANCIS IMPECIATI, a/k/a "FRANK IMPECIATI," (hereinafter "IMPECIATI") was the President, principal, and a person acting in the interest of defendant BLUE RIDGE.

4. Defendant CRAIG WASK (hereinafter "WASK") was employed by Local 825 as a Business Agent, where his duties and responsibilities included acting on behalf of and in the name of Local 825 to represent its members by, among other things, monitoring and ensuring that employers complied with their obligations under various CBAs.

5. G.H., a co-conspirator not named as a defendant herein, was a Local 825 member.

### The Jersey City Project

6. Beginning as early as 2000, defendant BLUE RIDGE received a contract to perform construction work at a construction project in Jersey City, New Jersey (hereinafter "Project One"). Defendant BLUE RIDGE employed Local 825 members at Project One.

- 2 -

7.    Defendant WASK, being an employee of Local 825, was the Business Agent for Local 825's members at Project One. As such, defendant WASK was both a Local 825 employee and a representative of Local 825 members who were employed by, and who should have been employed by, contractors at Project One, including defendant BLUE RIDGE.  Co-conspirator G.H. was the lead engineer at Project One and authorized to represent Local 825 members employed by, and who should have been employed by, contractors at Project One, including defendant BLUE RIDGE.

### The Conspiracy

8.    From at least as early as in or around March 2001 to on or about August 14, 2002, in the District of New Jersey and elsewhere, defendants

BLUE RIDGE ERECTORS, INC.,
FRANCIS IMPECIATI, a/k/a "FRANK IMPECIATI," and
CRAIG WASK

knowingly and willfully conspired and agreed with each other, G.H., and others to pay, lend, and deliver money and things of value in excess of $1,000 to (a) representatives of BLUE RIDGE ERECTORS, INC.'s employees, who were employed in an industry affecting commerce; and (b) an employee of Local 825, a labor organization that represented, sought to represent, and would have admitted to membership employees of BLUE RIDGE ERECTORS, INC., who were employed in an industry affecting commerce, namely, the construction industry, contrary to Title 29, United States Code, Sections 186(a)(1), 186(a)(2) and 186(d)(2).

- 3 -

## Object of the Conspiracy

9. It was an object of the conspiracy that defendants BLUE RIDGE and IMPECIATI would pay Co-conspirator G.H. and defendant WASK in excess of $90,000 in bribes to permit defendant BLUE RIDGE to circumvent and ignore a requirement of the CBA to which defendant BLUE RIDGE was subject.

## Means and Methods of the Conspiracy

10. It was part of the conspiracy that defendants BLUE RIDGE and IMPECIATI bribed Co-conspirator G.H. and defendant WASK to ignore and not enforce a provision of the CBA, namely, the manning of welding machines at Project One by Local 825 members. By not enforcing this provision of the CBA, defendant BLUE RIDGE was not required to pay the salaries and benefits of Local 825 members who would have been assigned to this equipment.

11. It was a further part of the conspiracy that defendants BLUE RIDGE and IMPECIATI placed an individual (hereinafter "Individual One") on defendant BLUE RIDGE's payroll for the sole purpose of facilitating bribe payments to Co-conspirator G.H. and defendant WASK. Individual One was a relative of Co-conspirator G.H. who performed no work or services for defendants BLUE RIDGE and IMPECIATI.

12. It was a further part of the conspiracy that defendant IMPECIATI, in Pennsylvania, caused defendant BLUE RIDGE to mail payroll checks to Co-conspirator G.H. in New Jersey.

These payroll checks were drawn on defendant BLUE RIDGE's corporate account and were made payable to Individual One for the purpose of disguising and concealing the bribe payments from defendants BLUE RIDGE and IMPECIATI to Co-conspirator G.H. and defendant WASK, as described in Paragraphs 10 and 11 of this Indictment.

13.    It was a further part of the conspiracy that after causing these payroll checks to be cashed, Co-conspirator G.H. retained approximately half of the cash and delivered the remaining portion of cash to defendant WASK.

## Overt Acts

14.   In furtherance of the conspiracy and in order to effect the object thereof, defendants BLUE RIDGE ERECTORS, INC., FRANCIS IMPECIATI, a/k/a "FRANK IMPECIATI," and CRAIG WASK, and their co-conspirators committed and caused to be committed the following overt acts, among others, in the District of New Jersey and elsewhere:

a.   On or about August 8, 2001, in Pennsylvania, defendant IMPECIATI caused defendant BLUE RIDGE to mail a payroll check to Co-conspirator G.H.'s address in New Jersey, drawn on defendant BLUE RIDGE's corporate checking account, in the amount of approximately $776.23, bearing check number 11617, and made payable to Individual One.

b.   On or about July 24, 2002, in Pennsylvania, defendant IMPECIATI caused defendant BLUE RIDGE to mail a payroll check to Co-conspirator G.H.'s address in New Jersey, drawn on defendant BLUE RIDGE's corporate checking account, in the amount of approximately $1,125.74, bearing check number 27789, and made payable to Individual One.

c.   On or about July 31, 2002, in Pennsylvania, defendant IMPECIATI caused defendant BLUE RIDGE to mail a payroll check to Co-conspirator G.H.'s address in New Jersey, drawn on defendant BLUE RIDGE's corporate checking account, in the amount of approximately $1,125.74, bearing check number 27907, and made payable to Individual One.

d. On or about August 7, 2002, in Pennsylvania, defendant IMPECIATI caused defendant BLUE RIDGE to mail a payroll check to Co-conspirator G.H.'s address in New Jersey, drawn on defendant BLUE RIDGE's corporate checking account, in the amount of approximately $1,125.74, bearing check number 28036, and made payable to Individual One.

e. In or around August 2002, Co-conspirator G.H. met with defendant WASK for the purpose of sharing bribe payments received from defendants BLUE RIDGE and IMPECIATI.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO AND THREE
### (Making Unlawful Labor Payments)

1.     The allegations set forth in Paragraphs 1 through 7 and Paragraphs 9 through 14 of Count One of this Indictment are hereby realleged as if set forth fully herein.

2.     On or about the dates set forth below, in the District of New Jersey and elsewhere, defendants

BLUE RIDGE ERECTORS, INC., and
FRANCIS IMPECIATI, a/k/a "FRANK IMPECIATI"

being an employer and a person acting in the interest of such employer, respectively, did knowingly and willfully pay, lend, and deliver, and agree to pay, lend, and deliver money and things of value in excess of $1,000 to (a) defendant WASK and Co-conspirator G.H., as representatives of the employees of BLUE RIDGE ERECTORS, INC., who were employed in an industry affecting commerce; and (b) defendant CRAIG WASK, an employee of Local 825, a labor organization that represented, sought to represent, and would have admitted to membership the employees of BLUE RIDGE ERECTORS, INC., who were employed in an industry affecting commerce, namely, the construction industry, as set forth below:

| Count | Approximate Date | Type of Payment | Approximate Amount |
|-------|------------------|-----------------|--------------------|
| Two   | July 31, 2002    | BLUE RIDGE Check (#27907) | $1,125.74 |
| Three | August 7, 2002   | BLUE RIDGE Check (#28036) | $1,125.74 |

All in violation of Title 29, United States Code, Sections 186(a)(1), 186(a)(2), and 186(d)(2) and Title 18, United States Code, Section 2.

## COUNTS FOUR AND FIVE
### (Receiving Unlawful Labor Payments)

1.    The allegations set forth in Paragraphs 1 through 7 and Paragraphs 9 through 14 of Count One of this Indictment are hereby realleged as if set forth fully herein.

2.    On or about the dates set forth below, in the District of New Jersey and elsewhere, defendant

CRAIG WASK

as a representative of the employees of BLUE RIDGE ERECTORS, INC., who were employed in an industry affecting commerce, and as an employee of Local 825, a labor organization that represented, sought to represent, and would have admitted to membership the employees of BLUE RIDGE ERECTORS, INC., did knowingly and willfully request, demand, receive and accept, and agree to receive and accept, the payment, loan, and delivery of money and things of value in excess of $1,000 from defendant BLUE RIDGE ERECTORS, INC., being an employer, and defendant FRANCIS IMPECIATI, a/k/a "FRANK IMPECIATI," a person acting in the interest of such employer, as set forth below:

| Count | Approximate Date | Type of Payment | Approximate Amount |
|-------|------------------|-----------------|--------------------|
| Four  | July 31, 2002    | BLUE RIDGE Check (#27907) | $1,125.74 |
| Five  | August 7, 2002   | BLUE RIDGE Check (#28036) | $1,125.74 |

All in violation of Title 29, United States Code, Sections 186(b)(1) and 186(d)(2); Title 18, United States Code, Section 2.

A TRUE BILL,

_____

CHRISTOPHER J. CHRISTIE
United States Attorney

- 11 -

CASE NUMBER: _____

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

BLUE RIDGE ERECTORS, INC.,
FRANCIS IMPECIATI, a/k/a "FRANK IMPECIATI," and
CRAIG WASK

# INDICTMENT FOR

Title 29, United States Code, Section 186,
Title 18, United States Code, Sections 371 and 2

**A True Bill,**

_Foreperson_

CHRISTOPHER J. CHRISTIE
_U.S. ATTORNEY_
_NEWARK, NEW JERSEY_

ANTHONY MOSCATO
_ASSISTANT U.S. ATTORNEY_
_973-645-2752_